# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN VINCENT MUNIS, | 1:09-cv-02090-LJO-DLB (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF PETITION WITHOUT PREJUDICE FOR FAILURE TO EXHAUST STATE JUDICIAL REMEDIES |
| v. | |
| C. NOLL, Warden | |
| Respondent. | [Docs. 1, 9] |
| _____/ | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on November 17, 2009, in the United States District Court for the Northern District of California. (Court Doc. 1.)  On November 23, 2009, the petition was transferred to this Court.  (Court Doc. 3.)

On December 17, 2009, the Court issued an order to show cause why the petition should not be dismissed for failure to exhaust the administrative remedies.  (Court Doc. 8.)  Petitioner filed a response to the order on December 29, 2009.  (Court Doc. 9.)

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  Otherwise,

1    the Court will order Respondent to respond to the petition.  Rule 5 of the Rules Governing §

2    2254 Cases.

3          A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

4    petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).

5    The exhaustion doctrine is based on comity to the state court and gives the state court the initial

6    opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501

7    U.S. 722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d

8    1158, 1163 (9th Cir. 1988).

9          A petitioner can satisfy the exhaustion requirement by providing the highest state court

10   with a full and fair opportunity to consider each claim before presenting it to the federal court.

11   Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971);

12   Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest

13   state court was given a full and fair opportunity to hear a claim if the petitioner has presented the

14   highest state court with the claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis);

15   Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

16         Additionally, the petitioner must have specifically told the state court that he was raising a

17   federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666,

18   669 (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th

19   Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  In Duncan, the United States

20   Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion
> of state remedies requires that petitioners "fairly presen[t]" federal claims to the
> state courts in order to give the State the "'opportunity to pass upon and correct
> alleged violations of the prisoners' federal rights" (some internal quotation marks
> omitted). If state courts are to be given the opportunity to correct alleged violations
> of prisoners' federal rights, they must surely be alerted to the fact that the prisoners
> are asserting claims under the United States Constitution. If a habeas petitioner
> wishes to claim that an evidentiary ruling at a state court trial denied him the due
> process of law guaranteed by the Fourteenth Amendment, he must say so, not only
> in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus
> exhausted) his federal claims in state court *unless he specifically indicated to*

2

*that court that those claims were based on federal law.* See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Petitioner states that the Stanislaus County Superior Court denied his state petition for writ of habeas corpus on December 11, 2009. (Id. at 1.) Petitioner indicates that he has also prepared a state petition for the appellate court. (Id.) Accordingly, it is clear that the instant federal petition is unexhausted and must be dismissed without prejudice to re-filing after exhaustion of the state judicial remedies.

<u>RECOMMENDATION</u>

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.      The instant federal petition for writ of habeas corpus be DISMISSED without prejudice; and

2.      The Clerk of Court be directed to terminate this action in its entirety.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and

filed within fourteen (14) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:    January 4, 2010**                              **/s/ Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE